## PARTICULARITY IN AN INDICTMENT.

### Circuit Court of Cuyahoga County.

### ALBERT C. GOODE ET AL v. STATE OF OHIO.

#### Decided, January 24, 1910.

*Criminal Law—Indictment—Surplusage and Indefiniteness—Meaning of Words Defined by Use of Synonyms—Charge.*

1. An indictment is not bad solely because it contains surplusage, nor is it indefinite if it affords the accused protection in his legal rights in making a defense and also furnishes him a record of conviction or acquittal that he may interpose if indicted a second time for the same offense.

2. In a trial for unlawfully exhibiting obscene, lewd and lascivious figures, etc., the court charged that words "obscene," "lewd" and "lascivious" were to be taken and construed together, as charging a single offense and to be considered in their ordinary signification and in their popular sense. He also, in defining said words separately, gave synonyms of them approved by lexicographers, some of which synonyms do not possess the precise content or meaning which the entire phrase carries; *Held:* Not reversible error.

*Harry F. Payer,* for plaintiff in error.
*John A. Cline,* contra.

HENRY, J.; MARVIN, J., concurs; WINCH, J., not sitting.

The plaintiffs in error were convicted of violating Section 7022 of the Revised Statutes of Ohio, under an indictment which charged that they "unlawfully did exhibit obscene, lewd and lascivious figures, images and casts, to-wit: of the nude female body with openings; of male sexual organs; of venereal diseases; of human organs; of deformed human heads. Said obscene, lewd and lascivious figures, images and casts then and there being of material to the grand jurors unknown and said obscene, lewd and lascivious figures, images and casts then and there being articles of an immoral and indecent nature," etc.

The first error assigned is that the indictment is bad for want of sufficient facts, for indefiniteness and multiplicity.

There is undoubtedly surplusage therein, but this may be rejected and still leave a sufficient description of the offense.

"Extreme particularity is neither necessary nor desirable in such cases. For the accused it is sufficient if there be such degree of certainty as will afford him protection in the exercise of his legal rights in making a defense, and also to furnish a record of conviction or acquittal, that could be interposed if indicted the second time for the same offense." *State* v. *Zurhorst,* 75 Ohio State, 232, 239.

Upon the authority of that decision, fortified as it is by numerous cited decisions closely in point here, we hold the indictment to be valid.

The second assignment of error is upon the admission in evidence of numerous exhibits, irrelevant to the prosecution.

No such instance has been particularly called to our attention, and upon inspection of the revolting exhibits, which, by direction of the court, were detached from the bill of exceptions, we fail to find any that were inadmissable under the broad allegations of the indictment.

The third error assigned is that the bill of exceptions discloses no evidence to show that the plaintiffs in error, both of whom were employed upstairs in the physician's office, were exhibitors of the objects contained in the proprietor's anatomical museum below. But the connection between these two apartments is shown to have been so immediate and intimate as to justify the inference that the employes upstairs were chargeable with participation in the maintenance of the exhibits downstairs.

The remaining assignments of error relate to the charge of the court:

(*a.*) In failing to lay down as the test of criminality the tendency of the exhibits to allure beholders to sexual impurity and to arouse libidinous thoughts.

(*b.*) In giving remote synonyms of the words obscene, lewd and lascivious, thereby authorizing a conviction if the exhibits were merely offensive to the taste.

(*c.*) In charging that it is sufficient if some considerable class of the community is liable to inspect these casts and be depraved and degraded thereby.

We find no error in the charge in these particulars.

The court charged that the words ''obscene, lewd and lascivious'' are to be taken and construed together, as charging a single offense, and ''they are to be construed and considered by you in their ordinary signification and in their popular sense.''

The fact that in defining each of these words separately synonyms approved by lexicographers were employed, some of which do not possess the precise content or meaning which the entire phrase carries, could not mislead the jury, and the fact that the larger part of the community may be disgusted rather than allured to depravity by the exhibits in question does not afford a defense. As remarked in *State* v. *Zurhorst, supra,* ''the entire section aims to prevent the contamination of our youth and the demoralization of the public mind.''

From our inspection of the exhibits we are far from being able to say that the jury went wrong in finding as they did, that they were adapted to minister to the obscene, lewd and lascivious curiosity of certain classes in the community.

Finding no error in the record, we affirm the judgment below.